IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PROGRESSIVE MOUNTAIN INSURANCE COMPANY, <br><br> Petitioner, <br><br> v. <br><br> YAOBIN CHEN; SEASON SEAFOOD TRADING, INC.; SAUTING CHEN (AKA SAU TING CHEN, SANTING CHEN); LIND LIU; JING LIU; JIANKANG SHI (AKA JIAN KANG SHI), <br><br> Respondents. | CASE NO.: _____ |

**PETITION FOR DECLARATORY JUDGMENT**

COMES NOW Petitioner Progressive Mountain Insurance Company ("Petitioner Progressive"), by and through its undersigned counsel of record, and brings this action against Respondent Yaobin Chen ("Respondent Chen"), Respondent Season Seafood Trading, Inc. ("Respondent Season Seafood"), Respondent Sauting Chen (aka Sau Ting Chen, Santing Chen) ("Respondent Sauting"), Respondent Lind Liu ("Respondent Lind"), Respondent Jing Liu ("Respondent Jing"), and Respondent Jiankang Shi (aka Jian Kang Shi) ("Respondent Shi") and alleges as follows:

1

## PARTIES

1.

Petitioner Progressive is a foreign corporation with its principal place of business in Mayfield Village, Ohio and is incorporated under the laws of the State of Ohio.

2.

Respondent Chen is a resident and citizen of the State of Georgia and may be served with process at 10700 Cauley Creek Drive, Duluth, Georgia, 30097 in Fulton County.

3.

Respondent Season Seafood is a domestic for profit corporation formed in Georgia with a principal place of business in Georgia. Respondent Season Seafood can be served through its registered agent Jing Liu at 3212 Briaroak Drive, Duluth, Georgia, 30096 in Gwinnett County.

4.

Respondent Sauting is a resident and citizen of the State of Georgia and may be served with process at 1653 Elesmere Oak Court, Duluth Georgia, 30097 in Gwinnett County.

5.

Respondent Lind is a resident and citizen of the State of Georgia and may be served with process at 1653 Elesmere Oak Court, Duluth Georgia, 30097 in Gwinnett County.

6.

Respondent Jing is a resident and citizen of the State of Georgia and may be served with process at 1653 Elesmere Oak Court, Duluth Georgia, 30097 in Gwinnett County.

7.

Respondent Shi is a resident and citizen of the State of Georgia and may be served with process at 1653 Elesmere Oak Court, Duluth Georgia, 30097 in Gwinnett County.

## JURISDICTION

8.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Petitioner Progressive is a citizen of a different state than all Respondents.

9.

The amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00) because the relief sought by Respondent Chen

for injuries and property damage arising from the subject accident that is the subject matter of this action exceeds $75,000.00.

10.

The Court further has jurisdiction pursuant to 28 U.S.C. § 2201, in that Petitioner Progressive is seeking a declaration from this Court regarding the parties' rights and obligations with respect to a policy of auto insurance issued by Petitioner Progressive, Policy Number 03995477-5 (the "Policy"). (A certified copy of the Policy is attached hereto as Exhibit A). The Policy has $750,000.00 in combined single limits. The Policy also includes an MCS-90 Endorsement. (Exhibit A, pp. 5-6).

11.

Petitioner Progressive anticipates that Respondents will contest Progressive's position in regard to the parties' rights and obligations under said Policy and, therefore, a true and actual controversy exists between the parties. Thus, the Court is vested, pursuant to 28 U.S.C. § 2201, with the power to declare the rights and obligations of the parties hereto, and to provide such other relief as may be necessary.

## VENUE

12.

Furthermore, venue is laid in this District pursuant to 28 U.S.C. § 1391 (b)(1) by virtue of the fact that all Respondents reside in Georgia, and at least one Respondent resides in the Northern District of Georgia, Atlanta Division.

## FACTS

13.

On August 18, 2019, Respondent Chen was driving a live fish transport truck in Mario, Alabama in the course and scope of his employment with Respondent Season Seafood.

14.

Respondent Chen was traveling eastbound on I-22 and Rene Clark Silva ("Silva") was driving a tractor trailer westbound hauling shingles.

15.

Respondent Chen, for reasons that are not clear, lost control of his truck and steered into the median.

16.

Respondent Chen traveled through the median into the westbound lane striking Silva head on.

17.

Respondent Chen is claiming injuries including the loss of an arm as a result of the subject accident.

18.

Upon information and belief, Respondent Chen was either an independent contractor working for Respondent Season Seafood or an employee of Respondent Season Seafood working at the time that the subject collision occurred.

19.

Respondent Chen has hired an attorney and is pursuing a claim against Respondent Season Seafood arising out of injuries that Respondent Chen received in the collision.

20.

On December 5, 2019, Petitioner Progressive issued its first reservation of rights.

21.

On November 3, 2020, counsel for Respondent Chen sent Petitioner Progressive a demand for $750,000.00.

22.

On July 12, 2021, Respondent Chen filed a lawsuit in the State Court of

Gwinnett County against Respondent Season Seafood, Respondent Sauting, Respondent Ling, Respondent Jing, and Respondent Shi.

23.

On January 3, 2022, Respondent Season Seafood was served in the underlying lawsuit.

24.

Petitioner Progressive was informed of Respondent Chen's lawsuit when it was served as the uninsured motorist carrier in that lawsuit on April 27, 2022.

25.

On May 11, 2022, Petitioner Progressive issued its second reservation of rights.

26.

Petitioner Progressive and counsel retained by Petitioner Progressive have continued to attempt to contact Respondent Season Seafood to secure its cooperation investigating the claim and for its defense in the underling lawsuit, and Respondent Season Seafood has refused to cooperate with Petitioner Progressive or counsel.

I. **P**ETITIONER **P**ROGRESSIVE HAS NO OBLIGATIONS TO **R**ESPONDENT **C**HEN OR **R**ESPONDENT **S**EASON **S**EAFOOD CONCERNING CLAIMS MADE BY **R**ESPONDENT **C**HEN UNDER THE **MCS-90 E**NDORSEMENT ON THE **P**OLICY BECAUSE THE **MCS-90 E**NDORSEMENT EXCLUDES CLAIMS MADE BY EMPLOYEES INJURED DURING THE COURSE AND SCOPE OF THEIR EMPLOYMENT.

27.

Petitioner Progressive re-alleges and re-incorporates by reference Paragraphs 1 through 26 as if set forth fully herein.

28.

In pertinent part, the MCS-90 Endorsement provides as follows:

**FORM MCS-90 ENDORSEMENT FOR MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC LIABILITY UNDER SECTIONS 29 AND 30 OF THE MOTOR CARRIER ACT OF 1980**

. . .

the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

(Exhibit A, p. 6).

29.

The MCS-90 Endorsement includes the following employee exclusion:

> [s]uch insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo.

(Exhibit A, p. 6).

30.

The Motor Carrier Act defines an "employee" as, among other things, "an independent contractor while in the course of operating a commercial motor vehicle[.]" 49 C.F.R. § 390.5.

31.

Because Respondent Chen was either an independent contractor operating a commercial vehicle on behalf of Respondent Season Seafood or an employee of Respondent Season Seafood at the time of the subject accident, he would be considered an employee for the purposes of the MCS-90 Endorsement.

32.

Respondent Chen was in the course and scope of his employment with Respondent Season Seafood at the time of the subject accident.

33.

Because the MCS-90 Endorsement excludes claims for injury to independent

contractors or employees in the course of their employment, Petitioner Progressive has no obligation to Respondent Chen or Respondent Season Seafood with regard to the bodily injury claims of Respondent Chen.

II. **P**ETITIONER **P**ROGRESSIVE IS NOT OBLIGATED TO PROVIDE COVERAGE, INDEMNIFICATION, OR A DEFENSE TO **R**ESPONDENT **S**EASON **S**EAFOOD CONCERNING THE CLAIMS ARISING OUT OF THE INJURIES TO **R**ESPONDENT **C**HEN UNDER THE **P**OLICY BECAUSE THE **P**OLICY EXCLUDES COVERAGE FOR BODILY INJURY TO EMPLOYEES INJURED DURING THE COURSE AND SCOPE OF THEIR EMPLOYMENT.

34.

Petitioner Progressive re-alleges and re-incorporates by reference Paragraphs 1 through 33 as if set forth fully herein.

35.

The Policy includes the following employee exclusion:

**EXCLUSIONS – PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I – LIABILITY TO OTHERS.**

Coverage under this Part I, including **our** duty to defend, does not apply to:

. . .

5. **Employee Indemnification and Employer's Liability**
   **Bodily Injury** to:

    a. An employee of any **insured** arising out of or within the course of:

        (i) That employee's employment by any **insured**; or

        (ii) Performing duties related to the conduct of any **insured's** business;

    or

b. The spouse, child, parent, brother or sister of that employee as a consequence of Paragraph a. above.

This exclusion applies:

a. Whether the **insured** may be liable as an employer or in any other capacity; and

b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to **bodily injury** to a domestic employee if benefits are neither paid nor required to be provided under any workers' compensation, disability benefits, or similar law, or to liability for **bodily injury** assumed by the **insured** under an **insured contract**. For the purposes of this policy, a domestic employee is a person engaged in household or domestic work performed principally in connection with a residence premises.

(Exhibit A, pp. 18-19).

### 36.

The Policy includes an MCS-90 Endorsement, which is subject to the Motor Carrier Act, that provides the definition of an employee for the Policy.

### 37.

The Motor Carrier Act defines an "employee" as, among other things, "an independent contractor while in the course of operating a commercial motor

vehicle[.]" 49 C.F.R. § 390.5.

38.

Because Respondent Chen was either an independent contractor in the course of operating a commercial vehicle on behalf of Respondent Season Seafood or an employee of Respondent Season Seafood at the time of the subject accident, he would be considered an employee for the purposes of the Policy.

39.

Respondent Chen was in the course and scope of his employment with Respondent Season Seafood at the time of the subject accident.

40.

Because the Policy excludes coverage for bodily injury to employees arising out of or within the scope of their employment, Petitioner Progressive is not required to provide Respondent Season Seafood with coverage, indemnity, or a defense for the bodily injury claims of Respondent Chen arising out of the subject accident.

**III.    PETITIONER PROGRESSIVE IS NOT OBLIGATED TO PROVIDE COVERAGE, INDEMNIFICATION, OR A DEFENSE TO RESPONDENT SEASON SEAFOOD COVERING THE CLAIMS ARISING OUT OF THE INJURIES TO RESPONDENT CHEN UNDER THE POLICY BECAUSE THE POLICY EXCLUDES COVERAGE FOR INJURIES OF AN EMPLOYEE THAT MAY BE COVERED BY WORKERS' COMPENSATION.**

41.

Petitioner Progressive re-alleges and re-incorporates by reference Paragraphs 1 through 40 as if set forth fully herein.

42.

The Policy includes the following fellow employee exclusion:

**EXCLUSIONS – PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I – LIABILITY TO OTHERS.**

Coverage under this Part I, including **our** duty to defend, does not apply to:

. . .

3. **Worker's Compensation**
Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law.

(Exhibit A, p. 18).

43.

Upon information and belief, Respondent Chen is entitled to workers' compensation benefits from Respondent Season Seafood or an insurer of Respondent Season Seafood for his injuries resulting from the subject accident.

44.

Because the Policy excludes coverage for injuries for which an insured or an insurer of that insured may be held liable under workers' compensation, Petitioner Progressive is not required to provide Respondent Season Seafood with coverage, indemnity, or a defense for the bodily injury claims of Respondent Chen arising out of the subject accident.

IV. **PETITIONER PROGRESSIVE IS NOT OBLIGATED TO PROVIDE COVERAGE, INDEMNIFICATION, OR A DEFENSE TO RESPONDENT SEASON SEAFOOD CONCERNING THE CLAIMS ARISING OUT OF THE INJURIES TO RESPONDENT CHEN UNDER THE POLICY BECAUSE RESPONDENT SEASON SEAFOOD DID NOT PROMPTLY NOTIFY IT OF THE LAWSUIT OR FORWARD SUIT PAPERS.**

45.

Petitioner Progressive re-alleges and re-incorporates by reference Paragraphs 1 through 44 as if set forth fully herein.

46.

The Policy includes the following notice requirement as a condition precedent to coverage:

> A person seeking coverage must:
> \*\*\*
> 4. promptly call **us** to notify **us** about any claim or lawsuit and send **us** any and all legal papers relating to any claim or lawsuit

(Exhibit A, p. 10).

47.

Respondent Season Seafood was served on January 3, 2022, and Respondent Season has not yet notified Petitioner Progressive of the lawsuit or forwarded suit papers to Petitioner Progressive.

48.

Because Respondent Season Seafood did not promptly notify Petitioner Progressive of the lawsuit filed against it or forward suit papers, Petitioner Progressive has no duty to provide coverage, indemnity, or a defense for the bodily injury claims of Respondent Chen arising out of the subject accident.

V. **PETITIONER PROGRESSIVE IS NOT REQUIRED TO PROVIDE RESPONDENT SEASON SEAFOOD WITH COVERAGE, INDEMNIFICATION, OR A DEFENSE UNDER THE POLICY BECAUSE RESPONDENT SEASON SEAFOOD HAS FAILED TO COOPERATE WITH THE INVESTIGATION OF THE SUBJECT ACCIDENT AND ITS DEFENSE OF THE UNDERLYING LAWSUIT.**

49.

Petitioner Progressive re-alleges and re-incorporates by reference Paragraphs 1 through 48 as if set forth fully herein.

50.

The Policy includes the following cooperation requirement as a condition precedent to coverage:

A person seeking coverage must:
\*\*\*

5.  cooperate with **us** in any matter concerning a claim or lawsuit;

(Exhibit A, p. 10).

51.

Respondent Season Seafood has never cooperated with Petitioner Progressive or its counsel in regard to the investigation of the subject accident or the defense of the underlying lawsuit, despite Petitioner Progressive's and its counsel's numerous attempts to secure such cooperation.

52.

Additionally, Respondent Season Seafood has not offered any excuse or explanation for its failure to cooperate.

53.

Petitioner Progressive has been prejudiced by Respondent Season Seafood's failure to cooperate.

54.

Because the Policy excludes coverage for in insured that does not cooperate concerning a claim or lawsuit, Petitioner Progressive is not required to provide Respondent Season Seafood with coverage, indemnity, or a defense for the bodily injury claims of Respondent Chen arising out of the subject accident.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner Progressive prays:

1. That process be issued as required by law and that Respondents be served with a copy of the Summons and Petition for Declaratory Judgment;

2. That the Court issue a declaration that Petitioner Progressive has no obligation to Respondent Chen or Respondent Season Seafood pursuant to the MCS-90 Endorsement of the Policy;

3. That the Court issue a declaration that Petitioner Progressive is not obligated to provide coverage, indemnity, or a defense to Respondent Season Seafood under the Policy for any and all bodily injury claims to Respondent Chen arising out of the August 18, 2019 accident discussed herein;

4. For a trial by jury; and

5. For such other and further relief as the Court deems just and proper.

**SIGNATURE ON NEXT PAGE**

Respectfully submitted, this 13th day of May, 2022.

          COPELAND, STAIR, VALZ & LOVELL, LLP

| | |
|---|---|
| 191 Peachtree Street NE, Suite 3600<br>P.O. Box 56887 (30343-0887)<br>Atlanta, Georgia 30303-1740<br>Phone: 404-522-8220<br>Fax: 404-523-2345<br>fvalz@csvl.law<br>jemory@csvl.law | By: */s/ Jena G. Emory*<br>FRED M. VALZ, III<br>State Bar No.: 723379<br>JENA G. EMORY<br>State Bar No.: 178454<br><br>*Attorneys for Petitioner Progressive Mountain Insurance Company* |

18